86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles W. PEMBERTON, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-1931.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1996.
 
 1
 Before: DAUGHTREY and MOORE, Circuit Judges; FORESTER, District Judge.*
 
 ORDER
 
 2
 Charles W. Pemberton, a Michigan resident represented by counsel, appeals a district court order affirming the Commissioner's decision directing him to pay the government an overpayment in social security benefits of $16,452. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 On December 19, 1989, an administrative law judge (ALJ) found that Pemberton was disabled due to an injury Pemberton sustained at work. The evidence before the ALJ showed that Pemberton received workers' compensation benefits from May 1988 until June 1989.
 
 
 4
 The notice of award of benefits informed Pemberton that his disability benefits would be withheld or reduced until he was 65 years of age if he was receiving workers' compensation or other disability payments. The notice directed Pemberton to contact the Social Security Administration if his workers' compensation award changed. Pemberton was also provided with a toll-free telephone number so that any questions he might have regarding the notice could be answered. Copies of the ALJ's decision and notice were also sent to Pemberton's attorney. Neither Pemberton, nor his attorney, informed the Social Security Administration that Pemberton continued to receive workers' compensation benefits after June 1989. In response to an August 1991 inquiry, Pemberton stated that he continued to receive workers' compensation benefits after June 1989. As a result of Pemberton's response, the Social Security Administration found Pemberton had received an overpayment.
 
 
 5
 Pemberton requested a waiver of recovery. On January 5, 1994, a hearing was held before an ALJ. On February 2, 1994, the ALJ found Pemberton was not without fault in causing the overpayment and denied waiver of recovery of the overpayment. The Appeals Council denied Pemberton's request for review.
 
 
 6
 Pemberton then sought judicial review of the Commissioner's decision contending that the overpayment was not his fault. Upon de novo review of a magistrate judge's report, the district court granted judgment to the Commissioner.
 
 
 7
 In his timely appeal, Pemberton contends that because of his age, education, intelligence, and physical and mental conditions, he did not understand that his workers' compensation benefits could reduce his social security benefits. Therefore, the excess payments should be waived.
 
 
 8
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 9
 An overpayment cannot be recovered if the individual receiving the overpayment was without fault. 42 U.S.C. § 404(b). Recovery can be waived when the recipient is without fault and when recovery would either defeat the purpose of the Social Security Act or would be against equity and good conscience. Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir.1991) (per curiam); see also, 20 C.F.R. § 404.506. It is the claimant's burden to establish that he was without fault before the overpayment can be considered waived. Watson, 940 F.2d at 171.
 
 
 10
 Pemberton has not satisfied his burden. Pemberton's notice of award clearly indicates that Pemberton could not receive full benefits if he was receiving workers' compensation benefits. Despite the presumption that Pemberton's workers' compensation payments ceased in June 1989, Pemberton continued to receive benefits. As Pemberton should have known that he should have reported his continuing workers' compensation payments to the Social Security Administration and failed to do so, he was not without fault in receiving the overpayment. 42 U.S.C. § 404(b). Therefore, the overpayment is not subject to waiver. Watson, 940 F.2d at 171.
 
 
 11
 Accordingly, we affirm the district court's order.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation